Chief Justice Robertson
delivered the Opinion of the Court.
This is a joint action of trespass, for assault and battery and false imprisonment, prosecuted in the names of Judy and her three children, Caroline, Shelton and Howard.
George Beaty, the defendant in the action, (plaintiff here,) pleaded, that Judy and her children were slaves; and the jury was sworn to try the issue, concluded by a negation of that allegation.
After a deed from Daniel Beaty and wife, emancipating Judy and her children, and other slaves, on the 2nd. of January, 1832, had been proved, and read to the jury, George Beaty offered to prove, and to read, the following writing : — “ I, Daniel Beaty, of Montgomery county, and state of Kentucky, being old and infirm, and finding my incapacity to manage my own affairs, and I have appointed George Beaty to manage my business in this life, and have deeded to said Beaty my plantation whereon I now live, as a part consideration for the maintenance of me and my wife, for and during our natural lives, in a decent and comfortable manner. And if said George" Beaty shall provide for me and my beloved wife during our lives as aforesaid, (/do agree in addition to the land,) I have delivered and give up to the said George Beaty, all my personal property of all and every kind whatsoever, and authorize him to do what he please with the same. Given under-my hand and seal, this 20th day of December, 1831.”
Zedekiah Davis. Daniel Beaty.
Zachariah Davis.” George Beaty. ”
But the court refused to permit the proof to be made.
The plaintiff in error then read a power of attorney from Daniel Beaty to himself (the plaintiff,) dated De- *102 cembcr 24th, 1831, authorizing him to sell, for and in Daniel’s name, every species of property then “owned or possessed” by Daniel, “ either land, slaves, or personal estate ; ” and the jury having thereupon found a verdict for the defendants in error, the court overruled a motion for a new trial, and rendered judgment on the verdict.
A power of attorney authorizing the agent to sell, vests no title in him.
The phrase— “ personal estate” — in wills and contracts,in eludes slaves.
A writing which recites that I) B is unable to manage his affairs, and 'has deeded his farm to GB, in consideration of future maintenance,and pro ceecta — “ ana if said G B shall provide for me and my beloved wife during our lives, as aforesaid, (I do agree in addition to the land) I have delivered and give up to the said G B all my personal property of all and every kind whatever, and authorize him to do what he please with the same,”is an executory contract, that vests no present title in the grantee: there was no error in rejecting it, '. hen offered ' as evidence of title in the grantee, to slaves which the grantor afterwards emancipated.
*102 As the power of attorney did not vest any legal right of property in George Beaty, or even recognise such a right, and was subject to revocation, express or implied, it could not have had any effect on the deed oí emancipation whereby, as to the slaves, it was revoked; and consequently, the motion for a new trial was properly overruled, unless the court erred in refusing to permit the contract of the 20th of December, 1831, to be proved. Whethei’, in that particular, there is error, or not, is the only question that has been discussed.
It has been frequently said by this court, that the phrase — “personal estate,” in wills or contracts, without any other restrictive expression, or provision, should be construed as embracing slaves. (Plumpton vs. Cook, 2nd. Mar. 450. Chinn et ux. vs. Respass, 1st. Monroe, 28 — and other cases.)
But whether the contract of December 20th, should be interpreted as comprehending slaves, or whether that contract and the power of attorney between the same parties, dated only four days afterwards, and which indicates that they considered slaves and personalty as distinct denominations of property — should be considered, in pari materia, to ascertain the import of “personal estate ” in the former, is not now deemed essential, for it is the opinion of this court, that the contract of December the 20th, was only executory, and'dependent on a precedent condition for its fulfilment, on the part of Daniel Beaty. It purports to be a mutual covenant by both parties. It does not convey, or covenant to convey, the land, but recites the fact that a conveyance had been made in part consideration of George’s covenant. If the parties had intended that the title to the slaves and other property should also pass absolutely, and eo instanti with the land, they have employed inappropriate language, and resorted to unnecessary circuit}’. And had that been *103 their intention, it was unnecessary and incongruous to say, “ I have employed George Beaty to manage my business it was nonsensical to say, “and if George Beaty shall provide for me” &c. “ I do agree ” &c.; and it was not only unnecessary for George to subscribe the agreement, but the expressions, “have given up and authorize him to do what he please with the same,” were altogether superfluous. Though the phraseology of the contract is somewhat confused and ambiguous, yet considering it altogether, and giving effect to the whole consistently with every part, it seems to us that nothing more was intended, than that George Beaty should be sole manager for Daniel Beaty, and should, therefore, control the slaves and other property as he should please, during the lives of Daniel Beaty and his wife; and that, upon their deaths, if George had, in the meantime, faithfully fulfilled his contract, the property should be his. If this be the true interpretation of the agreement, the title to the slaves still remained in Daniel Beaty, and therefore, he had a perfect legal right to emancipate them, without any other liability than his personal responsibility to George Beaty, for disposing of that which he had agreed that George might have upon a prospective contingency. The agreement being only executory, no title whatever had passed to George.
Different plaintiffs cannot join, where the cause of action is not joint — a family of slaves can not be joined in an actiop for their freedom.
Wher.efore it seems to this court, that the circuit court did not err in rejecting the agreement, or in overruling the motion for a new trial.
But nevertheless, we are of the opinion, that the judgment cannot be sustained, because the defendants in error could not maintain a joint action, for personal and individual injuries, or for the assertion of personal and individual rights.— Violet et al. vs. Stephens, Lit. Sel. Ca. 148.
Wherefore, for the latter cause only, the judgment must be reversed, and the cause remanded with instructions to set aside the verdict; and dismiss the suit without prejudice.